UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RONALD PATTERSON,<br><br>Plaintiff,<br><br>v.<br><br>STEVEN HANSES and V.A. MEDICAL CENTER,<br><br>Defendants. | Civil Action No. 19-392 (BAH)<br><br>Chief Judge Beryl A. Howell |

### MEMORANDUM AND ORDER

*Pro se* plaintiff Ronald Patterson brought this action in the Superior Court of the District of Columbia, alleging that defendants Steven Hanses and the Veterans' Administration Medical Center committed medical malpractice. *See* Notice of Removal, Supplement, ECF No. 1-1. The complaint and summons from Superior Court are both dated January 7, 2019. *Id.* On February 14, 2019, the defendants removed this case, under 28 U.S.C. §§ 1442(a)(1), 1446 from the plaintiff's chosen forum to this Court. *See* Notice of Removal, ECF No. 1. The notice of removal is the last docket entry from either party.

Under 28 U.S.C. § 1446(b)(1), the defendants had 30 days from "the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based" or 30 days from "the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter," to file the notice of removal. Section 1446 applies to cases such as this one removed under 28 U.S.C. § 1442. *See* 28 U.S.C. § 1446(b) (creating general rule that "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant"); *id.* § 1446(g)

1

(creating a carve out from 28 U.S.C. § 1446(b)'s 30-day requirement for the subset of cases "removable under section 1442(a) . . . in which a judicial order for testimony or documents is sought or issued or sought to be enforced"). Thus, based on the supplement to the notice of removal, containing the documents from the Superior Court record, the defendants appeared to have until February 6, 2019 to file the notice of removal in this Court, making the February 14, 2019 notice of removal untimely.

Section 1446's 30-day deadline is not jurisdictional. *Wasserman v. Rodacker*, 557 F.3d 635, 638 n.2 (D.C. Cir. 2009); *see also Brown v. Allied Home Mortgage Capital Corp.*, 588 B.R. 271, 276 (D.D.C. Aug. 8, 2018) ("[A] procedural defect in removal . . . does not affect the federal court's subject matter jurisdiction."). Still, "[c]ourts in this circuit have construed removal jurisdiction strictly, favoring remand where the propriety of removal is unclear." *Ballard v. District of Columbia*, 813 F. Supp. 2d 34, 38 (D.D.C. 2011); *Peeters v. Mlotek*, No. 15-cv-835 (RC), 2015 WL 3604609, at *1 (D.D.C. June 9, 2015) ("Because federal courts are courts of limited jurisdiction, the removal statute is to be strictly construed.").

On March 19, 2019, the defendants were ordered to show cause, by March 26, 2019, why this case should not be remanded for failure to file a timely notice of removal. In addition, the defendants were ordered to show cause why they failed to comply with Federal Rule of Civil Procedure 81(c), which dictates that, if the defendants in a removed action did not respond to the plaintiff's complaint prior to removal, the defendants must answer the plaintiff's complaint within the longest of three time periods: (1) "21 days after receiving—through service or otherwise—a copy of the initial pleading stating the claim for relief"; (2) "21 days after being served with the summons for an initial pleading on file at the time of service"; or (3) "7 days after the notice of removal is filed." Under that rule, the defendants had until February 21, 2019

2

to answer the plaintiff's complaint, which would have been seven days after the notice of removal was filed.

Compounding the defendants' apparent failure to file a timely notice of removal and apparent failure to timely answer the plaintiff's complaint, the defendants have ignored the Court's order to show cause why the defendants' actions have been timely. Without any response explaining why the defendants' notice of removal is timely, the Court must enforce 28 U.S.C. § 1446(b) strictly so that this *pro se* plaintiff may proceed with this action in his chosen forum.

For the foregoing reasons, it is hereby

**ORDERED** that this case be remanded to the Superior Court of the District of Columbia.

**SO ORDERED**.

DATE: April 1, 2019

BERYL A. HOWELL
Chief Judge